IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No: 2:24-cv-278-MHT-SMD |
| ) | |
| KAY IVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Peter J. Smith ("Smith") filed a complaint (Doc. 1) against Alabama Governor Kay Ivey and other defendants in their official capacities alleging, as best the undersigned can tell, that they violated his civil rights by withholding his healthcare, salary, and other benefits for a period of 19 years and 7 months after he was terminated from the Alabama Department of Transportation ("ALDOT"). Because Smith is proceeding *in forma pauperis*, his complaint is now before the Court for review under 28 U.S.C. § 1915(e). Upon review, the undersigned finds that the complaint does not survive § 1915 review and should be dismissed without opportunity to amend.

**I.     JURISDICTION**

Federal courts possess original subject matter jurisdiction over controversies "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997). If a federal court has original jurisdiction over a claim, the court may exercise its supplemental jurisdiction over

state-law claims that "form part of the same case or controversy" as the federal claim. 28 U.S.C. § 1367.

Here, Smith alleges that the defendants violated his constitutional due process rights by withholding his healthcare, salary, and other benefits for a period of 19 years and 7 months after he was terminated from ALDOT. Compl. (Doc. 1) p. 2. Because Smith's complaint presents a federal question under 42 U.S.C. § 1983, this Court has subject matter jurisdiction over the dispute.

Additionally, Smith alleges—in conclusory fashion—that he was "defamed" by the State of Alabama during the same time frame, along with other state law claims. *Id*. at 5. To the extent that Smith is attempting to bring state-law claims as part of this suit, the claims form the same case or controversy and, as such, fall within this Court's supplemental jurisdiction.

## II. LEGAL STANDARDS

When a plaintiff proceeds *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915. If the court finds upon review that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief, the court shall dismiss the complaint. 28 U.S.C. § 1915(e)(2). A complaint is "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," such as when the claim is founded on "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A finding of

2

legal frivolousness is appropriate when the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's pro se status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Further, although a less stringent standard is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Thus, pro se litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

## III.   § 1915 REVIEW

Smith's complaint is both factually and legally frivolous, and it seeks relief against defendants who are immune from the relief he requests. Further, because the complaint fails to assert a scenario upon which relief can be granted, amendment is futile. As such, the complaint should be dismissed without affording Smith an opportunity to amend.

3

### A. Factual Frivolity

From best the undersigned can tell, Smith alleges that he was fired from his job at ALDOT more than nineteen years ago and that, since that time, the defendants—to include Alabama's Governor, Alabama's Lieutenant Governor, Alabama Congressional Members, and Alabama's DHR director—violated his constitutional and Alabama due process rights by "withholding . . . healthcare, salary[,] and other benefits" pursuant to his illegal termination. Compl. (Doc. 1) p. 2. Somehow, Smith attempts to weave in the COVID-19 pandemic to this scenario, asserting that he was homeless during the pandemic and without means to care for himself because of his almost-two-decades-ago termination from ALDOT. *Id*. at 2-6. Smith contends that, coupled with "the recent events in denying food assistance," these actions "amount to one thing"—"conspiracy to commit murder." *Id*. at 3. Simply put, these allegations are irrational and wholly incredible, thus making Smith's complaint subject to dismissal under § 1915's factual frivolity review.

### B. Legal Frivolity

In addition to factual frivolousness, Smith's complaint is also legally frivolous. Assuming *arguendo* that a factually non-frivolous due process claim could be construed from Smith's allegations, such a claim would be legally frivolous because it is time barred. Smith's § 1983 due process claim is subject to a two-year statute of limitations. ALA. CODE § 6-2-38(l); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). When a § 1983 claim relates to an unlawful termination, the limitations period begins to run when the termination decision is made and communicated to the employee. *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (explaining that the proper focus is on the alleged unlawful employment act, "not

4

the point at which the consequences of the act become painful"). Thus, the statute of limitations on Smith's due process claim arising from his allegedly unlawful termination ran two years after he was terminated, which was approximately seventeen years ago. Because Smith's due process claim is clearly time barred, his complaint is legally frivolous and subject to dismissal under § 1915 legal frivolity review.

### C. Seeks Improper Monetary Relief

Finally, Smith's complaint should be dismissed because he seeks monetary relief against defendants who are immune from such relief. Smith sues all defendants in their official capacities and seeks monetary damages from them in the amount of $650,000,000.00. Compl. (Doc. 1) pp. 1, 6. However, Smith cannot obtain such relief.

States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983. *Id.* at 71. Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Selensky*, 619 F. App'x at 849 (citing *Alabama v. Pugh*,

438 U.S. 781, 782 (1978) (waiver of immunity is prohibited by the Alabama Constitution)). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Here, the State of Alabama is the real party in interest in Smith's suit against defendants in their official capacities for money damages. But because the Eleventh Amendment immunizes defendants from suit for money damages in their official capacities, Smith cannot sustain any constitutional claims for money damages against the defendants in their official capacities. Therefore, Smith's complaint should be dismissed because it seeks monetary relief against defendants who are immune from such relief.

### D. Amendment is Futile

While a pro se litigant generally must be given at least one opportunity to amend his complaint, a federal court need not allow amendment if it is futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). If a complaint is frivolous, amendment is deemed futile and therefore not required. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)).

Here, Smith's complaint is both factually and legally frivolous. Allowing him to amend will not alter those conclusions. As such, Smith's complaint should be dismissed without opportunity to amend.

## IV.  CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Smith's complaint (Doc. 1) be DISMISSED without opportunity to amend. It is further

ORDERED that Smith shall file any objections to this Recommendation on or before August 29, 2024.  Smith must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Smith from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives Smith's right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of August, 2024.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE